# Exhibit A
## *(State Court Process and Pleadings)*

# Barth, Ballenger & Lewis, LLP

Attorneys At Law
205 N. Irby Street
Post Office Box 107
Florence, South Carolina 29503
Phone: 843.662.6301
Fax:    843.664.8384
Web: bbllawsc.com

Kevin M. Barth
E. Guy Ballenger
Nicholas W. Lewis
Brendan P. Barth

Michael Ballenger (Retired)

January 18, 2018

**Received in Compliance**

**JAN 23 2018**

**CERTIFIED MAIL, RETURN RECEIPT**
**RESTRICTED DELIVERY**
**7007 3020 0002 7921 8806**
American General Life Insurance Company
Attn: General Counsel and/or Registered Agent
530 S. American General Center
Nashville, TN 37250

Re: Ronald D. Smith, et al. v. American General Life
    Insurance Company
    Case No.: 2017-CP-21-3367

Dear Sir/Madam:

Enclosed herewith and served upon you as statutory agent for American General Life Insurance Company, please find a Civil Action Cover Sheet, Summons and Complaint filed in regard to the above-captioned matter.

With best regards, I am

Sincerely,

Nicholas W. Lewis

NWL/kks
Enclosure

cc: Ms. Dianne Smith

**STATE OF SOUTH CAROLINA** )  IN THE COURT OF COMMON PLEAS
)
**COUNTY OF** <u>FLORENCE</u> )
)
<u>Ronald D. Smith, Roger D. Smith, and Dianne C. Smith</u> )  **CIVIL ACTION COVERSHEET**
                              **Plaintiff(s)** )
) 2017-CP-21-<u>3367</u>
vs. )
)
<u>American General Life Insurance Company,</u> )
                              **Defendant(s)** )

| | |
|---|---|
| **Submitted By:** <u>Nicholas W. Lewis</u> | **SC Bar #:** 73067 |
| **Address:** <u>PO Box 107</u> | **Telephone #:** 843-662-6301 |
| <u>Florence, SC 29503</u> | **Fax #:** 843-664-8384 |
| | **Other:** |
| | **E-mail:** nlewis@bbllawsc.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** *(Check all that apply)*
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

FILED 2017 DEC 14 AM 10:58 DORIS POSTON O'HARA CCC & GS FLORENCE COUNTY, SC

**NATURE OF ACTION** *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☒ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) ___ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) ___ |
| ☐ Employment (180) | | ☐ Other (399) ___ | |
| ☐ Other (199) ___ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) ___ | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) ___ | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) ___ |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) ___ | |
| ☐ Other (699) ___ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

CERTIFIED: A TRUE COPY
[signature] Doris Postor O'Hara
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

**Submitting Party Signature:** [signature]    **Date:** 12/13/17

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (03/2016)    Page 1 of 2

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | TWELFTH JUDICIAL CIRCUIT |
| COUNTY OF FLORENCE ) | CIVIL ACTION NO.: 2017-CP-21-3367 |
| ) | |
| Ronald D. Smith, Roger D. Smith, ) | |
| and Dianne C. Smith, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **SUMMONS** |
| ) | **(JURY TRIAL DEMANDED)** |
| American General Life Insurance ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

FILED 2017 DEC 14 AM 10:58 DOROPOULOS O'HARA CCP & GS FLORENCE COUNTY, SC

**TO THE DEFENDANT ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at 205 N. Irby Street, Florence, South Carolina, within thirty (30) days from the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgement by default will be rendered against you for the relief demanded in the Complaint.

BARTH, BALLENGER & LEWIS, L.L.P.

By: /s/ Nick N. L
Nicholas W. Lewis
Post Office Box 107
Florence, SC 29503
(843) 662-6301 (Telephone)
(843) 664-8384 (Facsimile)
Email: nlewis@bbllawsc.com

**ATTORNEYS FOR PLAINTIFFS**

CERTIFIED: A TRUE COPY
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

December 12, 2017

Florence, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | TWELFTH JUDICIAL CIRCUIT |
| COUNTY OF FLORENCE ) | CIVIL ACTION NO.: 2017-CP-21-__3367__ |
| ) | |
| Ronald D. Smith, Roger D. Smith, ) | |
| and Dianne C. Smith, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| American General Life Insurance ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

FILED 2017 DEC 14 AM 10:58 DORIS POULOS O'HARA CCP & GS FLORENCE COUNTY, SC

Plaintiffs, complaining of the above named Defendant, would respectfully allege and show unto this Honorable Court as follows:

## PARTIES

1. At all times relevant to this Complaint, Plaintiff Ronald D. Smith was a citizen and resident of the County of Florence, State of South Carolina. On April 1, 1985, Plaintiff Ronald D. Smith entered into a contract for life insurance with Appalachian National Life Insurance Company.

2. At all times relevant to this Complaint, Plaintiff Roger D. Smith was a citizen and resident of the County of Florence, State of South Carolina. Plaintiff Roger D. Smith is the current co-owner and one of the designated beneficiaries of a life insurance policy purchased by his father, Plaintiff Ronald D. Smith.

3. At all times relevant to this Complaint, Plaintiff Dianne C. Smith was a citizen and resident of the County of Florence, State of South Carolina. Plaintiff Dianne C. Smith is the current co-owner and one of the designated beneficiaries of a life insurance policy purchased by her father-in-law, Plaintiff Ronald D. Smith.

CERTIFIED: A TRUE COPY
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

4.   Plaintiffs are informed and believe that Defendant American General Life Insurance Co., a subsidiary of American International Group, Inc., is a corporation organized and existing under the laws of Texas that regularly conducts business in South Carolina. On or about March 31, 2003, Defendant American General Life Insurance Company, as a result of various mergers, assumed liability for the life insurance policy previously issued by Appalachian National Life Insurance Company.

## JURISDICTION AND VENUE

5.   Defendant is doing business in and has enduring relationships with the State of South Carolina through its agents, servants and employees. Defendant transacts business, owns property, and employs agents and servants in South Carolina. In addition, Defendant is licensed to sell and provide life insurance by the South Carolina Department of Insurance. As a result, this Court has personal jurisdiction over Defendant pursuant to S.C. Code § 36-2-802 (2012).

6.   Venue is appropriate pursuant to S.C. Code § 15-7-30 (2013) because the most substantial part of the acts giving rise to these claims occurred in Florence County, South Carolina.

## FACTUAL ALLEGATIONS

7.   At all times hereinafter mentioned, Defendant was acting by and through its duly authorized agents and employees.

8.   On April 1, 1985, Plaintiff Ronald D. Smith entered into a contract for life insurance with Appalachian National Life Insurance Company, which insured his life for $200,000. The named owner on the policy ████████████ at the time of issuance was Smith Amusement Company.

9.   Over the next eighteen (18) years, as a result of mergers, liability for the life insurance policy was assumed by various companies, including, but not limited to: American Security Life

#2
Not

Insurance Company; American National Insurance Company; The Old Line Life Insurance Company of America; and Defendant American General Life Insurance Company.

10. As a result of each merger, an Assumption Certificate was issued which certified that the successor company assumed all liability for the insurance policy the same as if it had been issued originally by the successor company and that benefits under the policy would not change as a result of the merger.

11. Defendant American General Life Insurance Company issued an Assumption Certificate on March 31, 2003 and assumed all liability for the insurance policy. At that time, Defendant also modified the policy number to ▮▮▮▮▮▮.

12. In 2009, a change of ownership request was made and Plaintiffs Roger D. Smith and Dianne C. Smith were named as co-owners of the policy.

13. Plaintiffs provided premium payments to the Defendant, and/or its predecessor companies, from 1985 until 2015, or approximately thirty (30) years. During this time period Plaintiffs paid premium payments in excess of $100,000.

14. On or about November 2, 2016, Plaintiff Dianne C. Smith recognized that Plaintiffs had not received a premium notice from Defendant since April 20, 2015. At that time, Plaintiff Dianne C. Smith contacted Defendant via telephone and a representative informed her that the insurance policy had lapsed on May 12, 2015 for nonpayment.

15. After reviewing their file, Plaintiffs confirmed that they had in fact paid Defendant the premium payment due on May 12, 2015. Specifically, Defendant issued its Premium Notice to Plaintiffs on April 20, 2015. Upon receipt of the Premium Notice, Plaintiffs thereafter mailed the premium payment on April 28, 2015. The Plaintiffs have proof that the payment was received by Defendant in that Defendant endorsed their check and the same cleared Plaintiffs' bank account on May 5, 2015, a full week before the due date.

16.     On November 14, 2016, Plaintiffs contacted Defendant via telephone and informed a representative that they had proof that the premium had been paid timely. The representative told Plaintiffs that it appeared that the premium payment had been applied to the wrong account. The representative requested that Plaintiffs send Defendant a copy of the endorsed check. As such, on the same date, November 14, 2016, Plaintiffs sent Defendant correspondence via certified mail enclosing a copy of the endorsed check ███████, conclusively proving that Defendant timely received the May 2015 premium. Plaintiffs again contacted Defendant via telephone on January 25, 2017 because they had yet to receive a response to their certified letter. At that time a representative of Defendant in the "Premium Research Department" indicated that they had no record of the letter or a copy of the endorsed check and requested that Plaintiffs fax a copy of the same to the representative and she would review the file and follow up with Plaintiffs within forty-eight (48) to seventy-two (72) hours.

17.     However, Defendant's representative never followed up with Plaintiffs and Plaintiffs again contacted Defendant via telephone on February 15, 2017. At that time, Plaintiffs were informed by a representative that the matter was under review and Defendant would telephone Plaintiffs when the review was complete. Another six (6) weeks went by and Plaintiffs heard nothing from Defendant. On March 22, 2017, Plaintiffs again contacted Defendant via telephone. The representative that Plaintiffs spoke to at that time indicated he would create a report of the call and ask that someone follow up with Plaintiffs. Again, Plaintiffs heard nothing from Defendant.

18.     On May 15, 2017, Plaintiffs contacted Defendant via telephone once more and asked to speak to a supervisor. Plaintiffs were told that a supervisor would call them, but that never occurred. Plaintiffs called again on May 17, 2017 and asked to speak to a supervisor. During that telephone conversation, Plaintiffs discovered that Defendant, after having received proof of the May

2015 premium payment, was now changing its position and stating that the policy lapsed in September 2015 for Plaintiffs' failure to pay the August 2015 premium payment. In response, Plaintiffs explained that Defendant never sent a premium notice for the August 2015 payment. In fact, the last premium notice received by Plaintiffs was the one issued on April 20, 2015, which Plaintiffs timely paid.

19.     Shortly thereafter, Plaintiffs received a Reinstatement Application from Defendant. As part of said application, for the policy to be reinstated, the Insured, Plaintiff Ronald D. Smith, who is an eighty (80) year old male, is required to submit evidence of insurability, to include passing a medical examination. Requiring the same makes reinstatement of this policy impossible. As noted above, Plaintiffs paid premiums on this policy from 1985 until 2015, approximately thirty (30) years, and during this time period Plaintiffs paid premium payments to Defendant in excess of $100,000, more than one-half (½) of the face value of this policy. Defendant is now attempting to cancel said policy for nonpayment, when it did not even provide Plaintiffs with a premium notice, much less a cancellation notice.

<u>FOR A FIRST CAUSE OF ACTION</u><br>(Breach of Contract)

20.     That each and every allegation set forth herein above is repeated, re-alleged, re-asserted and incorporated herein as if set forth fully verbatim.

21.     As outlined above, Plaintiffs and Defendant entered into a contract whereby the Plaintiffs would pay premiums for life insurance coverage and Defendant would provide life insurance coverage on the Insured, to wit: Plaintiff Ronald D. Smith. While Ronald D. Smith was the Insured, Plaintiffs Roger D. Smith and Dianne C. Smith were the owners of the policy. The amount of coverage was $200,000.00. Pursuant to the contract of insurance, Plaintiffs provided

premium payments to the Defendant and its predecessor companies from the year 1985 until 2015. In exchange for the premium payments, Defendant was required under the terms of the above referenced contract to provide life insurance coverage to Plaintiffs upon the death of the Insured. The elements of offer, acceptance and consideration are all present in this particular contract.

22. Upon information and belief, Defendant is now taking the position that the life insurance policy lapsed in September 2015. Plaintiffs assert that they never received notice that the premium payments were due and owing. Plaintiffs further assert that they were never noticed the policy was entering lapse status and being cancelled or terminated if premium payments were not made. In failing to notice Plaintiffs of the fact that the premium payments were due and owing by simply providing a premium billing statement, as it always had, Defendant breached the contract and Defendant has wrongfully allowed the policy to lapse without proper notice to Plaintiffs.

23. Defendant's breach of the contract of insurance with Plaintiffs was the direct and proximate cause of financial loss to Plaintiffs in the amount of $200,000.00, as described above. This loss shall be realized upon the death of the Insured. Defendant has breached the contract of insurance in one or more of the following particulars:

(a) In failing to provide Plaintiffs with a premium notice;

(b) In failing to properly monitor its agents and/or employees in the premium payment collection process;

(c) In wrongfully allowing the subject life insurance policy to lapse without proper notice to Plaintiffs; and

(d) In such other and wrongful acts as may be discovered during discovery and/or trial.

All of the above being in violation of Defendant's contractual obligations.

## FOR A SECOND CAUSE OF ACTION
### (Negligence)

24. That each and every allegation set forth herein above is repeated, re-alleged, re-asserted and incorporated herein as if set forth fully verbatim.

25. Defendant owed a duty to Plaintiffs to notice Plaintiffs that premium payments were due and owing and they owed a duty to advise Plaintiffs that the policy was to enter lapse status and would be cancelled or terminated if premium payments were not made. Defendant breached those duties, and the injuries and damages sustained by Plaintiffs were directly and proximately caused and occasioned by the willful, wanton, reckless, careless, negligent and unlawful conduct on the part of Defendant herein, in one or more of the following particulars:

   (a) In failing to provide Plaintiffs with a premium notice;

   (b) In failing to properly monitor its agents and/or employees in the premium payment collection process;

   (c) In wrongfully allowing the subject life insurance policy to lapse without proper notice to Plaintiffs; and

   (d) In such other and wrongful acts as may be discovered during discovery and/or trial.

26. That as a direct and proximate cause of the negligence, willfulness, wantonness and recklessness and gross negligence on the part of Defendant, Plaintiffs suffered damages in that the $200,000.00 life insurance policy has lapsed.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

27. That each and every allegation set forth herein above is repeated, re-alleged, re-asserted and incorporated herein as if set forth fully verbatim.

28. Defendant entered into a binding insurance contract with Plaintiffs and as a result there was an implied covenant of good faith and fair dealing. These covenants imposed a duty upon

Defendant to act in good faith and to deal fairly with Plaintiffs in regard to the administration of the life insurance policy.

29.     Plaintiffs are informed and believe that Defendant breached these covenants of good faith and fair dealing as set forth above in failing to notice Plaintiffs of the premium being due and the lapse, after accepting monies from Plaintiffs for a period of more than thirty (30) years. As a result, Plaintiffs have been damaged and seek a judgment against Defendant for an award of actual damages and punitive damages in an appropriate amount.

30.     In the alternative, Plaintiffs request an order allowing Plaintiffs to pay to Defendant the premium payments owed from August 2015 through present and reinstating the policy of insurance, without having to show proof of insurability.

### FOR A FOURTH CAUSE OF ACTION
(Bad Faith)

31.     That each and every allegation set forth herein above is repeated, re-alleged, re-asserted and incorporated herein as if set forth fully verbatim.

32.     That Plaintiffs are informed and believe that there existed a mutually binding contract between Plaintiffs and Defendant in that the Defendant would provide life insurance coverage on the Insured.

33.     That Defendant cancelled or terminated the valid insurance contract and/or allowed the same to lapse without proper notice to Plaintiffs.

34.     By virtue of an insurance contract, a special relationship exists between the Insurer and the Insured which imposes a duty on the parties to deal with each other fairly, honestly, in good faith and not take any action that will injure the right of the other to receive the benefits of the agreement.

35.     That Plaintiffs are informed and believe Defendant has breached its implied in law covenant of good faith and fair dealing and its conduct has been unreasonable in the following particulars:

(a) In wrongfully allowing the subject life insurance policy to lapse without proper notice to Plaintiffs of the premium payment being due;

(b) In failing to properly monitor its agents and/or employees in the premium payment collection process;

(c) Failing to conduct an adequate and timely investigation of Plaintiffs' lapse status and notify Plaintiffs of the same;

(d) Engaging in intentional deceptive practices and misrepresentations in regard to insurance coverages, premium collection and cancellation or termination;

(e) Failing to adopt and implement reasonable standards for notifying an Insured and/or owner prior to lapse, cancellation or termination;

(f) Not attempting in good faith to effect proper, fair and expeditious handling of the policy premium issue prior to lapse, cancellation or termination;

(g) Failing to act as a reasonable and prudent insurance company would act under the circumstances then and there prevailing;

(h) Failing to properly communicate with Plaintiffs regarding the status of their policy prior to lapse, cancellation or termination;

(i) In wrongfully cancelling or terminating the policy of insurance;

(j) Failing to deal with Plaintiffs in good faith; and

(k) In such other and wrongful acts as may be discovered during discovery and/or trial.

36. That as a direct and proximate result of Defendant's wrongful conduct and actions, Plaintiffs have incurred actual, incidental and consequential damages. That Plaintiffs are informed and believe that they are entitled to an award of actual, incidental and consequential damages as a result of Defendant's bad faith actions.

37. That Plaintiffs are informed and believe they are entitled to punitive or exemplary damages as result of Defendant's bad faith conduct as it was willful, intentional, with malice toward Plaintiffs and with a reckless disregard for the rights of Plaintiffs; concomitantly, Plaintiffs seek an award of punitive or exemplary damages in an amount to be determined by the jury.

WHEREFORE, Plaintiffs having set forth their Complaint against Defendant herein, would respectfully pray for an Order as follows:

1. As to the First Cause of Action, for actual damages in an appropriate amount and for the costs and expenses of this action;

2. As to the Second Cause of Action, for actual damages in an appropriate amount and the costs and expenses of this action;

3. As to the Third Cause of Action, for actual damages in an appropriate amount, punitive damages in an amount to be determined by the trier of fact, and the costs and expenses of this action;

4. As to the Fourth Cause of Action, for actual, incidental, and/or consequential damages in an appropriate amount, punitive or exemplary damages in an amount to be determined by the trier of fact, and the costs and expenses of this action;

5. In the alternative, allowing Plaintiffs to pay to Defendant the premium payments owed from 2015 through date and reinstating the policy of insurance, without having to show evidence of insurability; and

6. For such other and further relief as this Court deems just and proper.

BARTH, BALLENGER & LEWIS, L.L.P.

By: _____
Nicholas W. Lewis
Post Office Box 107
Florence, SC 29503
(843) 662-6301 (Telephone)
(843) 664-8384 (Facsimile)
Email: nlewis@bbllawsc.com

**ATTORNEYS FOR PLAINTIFFS**

November 20, 2017

Florence, South Carolina                    **(JURY TRIAL DEMANDED)**

#10

